**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AIGA FAASA, | ) NO. EDCV 06-01174 SS |
| Plaintiff, | ) |
| | ) **MEMORANDUM DECISION AND ORDER** |
| v. | ) |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

**INTRODUCTION**

Aiga Faasa ("Plaintiff") brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration (hereinafter the "Commissioner" or the "Agency") denying her application for disability benefits. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED for further proceedings.

## THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity[1] and that is expected to result in death or to last for a continuous period of at least twelve months. <u>Reddick v. Chater</u>, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry.  20 C.F.R. §§ 404.1520, 416.920.  The steps are:

(1) Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe?  If not, the claimant is found not disabled.  If so, proceed to step three.

(3) Does the claimant's impairment meet or equal one of list of specific impairments described in 20 C.F.R. Part 404,

---

[1]  Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit.  20 C.F.R. §§ 404.1510, 416.910.

        Subpart P, Appendix 1?  If so, the claimant is found disabled.  If not, proceed to step four.

(4)  Is the claimant capable of performing his past work?  If so, the claimant is found not disabled.  If not, proceed to step five.

(5)  Is the claimant able to do any other work?  If not, the claimant is found disabled.  If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citations omitted); 20 C.F.R. §§ 404.1520(b)-(g)(1) & 416.920(b)-(g)(1).

    The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante, 262 F.3d at 953-54.  If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"),[2] age, education, and work experience.  Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids").  Osenbrock v. Apfel, 240

---

[2] Residual functional capacity is "what [one] can still do despite [his] limitations" and represents an "assessment based upon all of the relevant evidence."  20 C.F.R. §§ 404.1545(a), 416.945(a).

F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a vocational expert. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

**FACTUAL BACKGROUND**

Plaintiff filed her applications for disability benefits on August 12, 2004. (AR 10). She alleged that her disability began on July 1, 2004. (Id.). Her claims were denied initially and upon reconsideration. (Id.). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on June 23, 2006, before ALJ Keith A. Varni. Plaintiff was represented at the hearing by her attorney. (Id.). Plaintiff's date of birth is August 5, 1959. (AR 59). She was 47 years old at the time of the hearing.

Plaintiff asserted that she was unable to work due to rheumatoid arthritis, swelling in her legs and an ulcer in her left leg. (AR 30). The ALJ also found that Plaintiff suffers from morbid obesity. (AR 11). Plaintiff previously worked (from 1997 to 2004) in a warehouse. (AR 62). She alleges that she stopped working due to the pain from her arthritis. (Id.). She has taken Ibuprofen, Prednisone, Furosimide [sic] and Methotrexate [sic] for her arthritis pain. (AR 75, 87). Plaintiff asserts that she can "hardly stand on her feet because they hurt so much" and that her hands "stay closed most of the time because they hurt to open them." (AR 76).

Plaintiff was examined by Lydia E. Villanueva, M.D., at the United Family Care Clinic on August 30, 2004. (AR 91). At that time, Plaintiff complained that she could not wear shoes. (Id.). She was diagnosed with bilateral lower-extremity edema, overweight (weighing in at 320 pounds), and suffering from a wound in her left foot. She was seen in August at the clinic for care of her left foot. (AR 92-97). On August 5, 2004, x-rays were taken which showed severe degenerative arthritic changes of the foot. (AR 98). On June 29, 2004, an x-ray showed "hallux valgus deformity with moderate-to-severe degenerative arthritis of the left foot [and] severe intertarsal disease." (AR 110). On January 30, 2004, Plaintiff was examined by Dr. Villanueva. (AR 113). Plaintiff complained that she had gained a lot of weight since taking prednisone for her arthritis. (AR 113). Nonetheless, Dr. Villanueva continued Plaintiff's prescriptions for methotrexate and prednisone. (Id.).

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a

conclusion." Id. To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21.

**THE ALJ'S DECISION**

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2004. (AR 12). She has the following severe impairments: rheumatoid arthritis, degenerative changes of the left foot and morbid obesity. (Id.). The ALJ concluded that none of Plaintiff's impairments met the listings and noted that the State Agency reviewing physician reached the same conclusion. (Id.). The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary level work activity as determined by the State Agency review physicians. (Id.).

The ALJ found that the medical evidence did not support Plaintiff's allegations of debilitating impairments. (Id.). The ALJ relied heavily on Plaintiff's lack of treatment and failure to seek treatment from local county clinics. (Id.). Furthermore, although the record shows (and the ALJ acknowledged) that prescribed medications caused weight gain, the ALJ found that Plaintiff "obviously" failed to follow advice to exercise and lose weight. (Id.). The ALJ rejected Plaintiff's

testimony and the testimony of her daughter, although it was not entirely clear what grounds the ALJ relied upon for rejecting such testimony. Ultimately, the ALJ found that Plaintiff had a RFC for the full range of sedentary work and was "not disabled." (AR 14).

## DISCUSSION

### A. The ALJ Failed In His Duty To Develop The Record

A Social Security applicant has the duty to prove that she is disabled. See 42 U.S.C. § 423(d)(5). The Code of Federal Regulations explains:

> You have to prove to us that you are blind or disabled. Therefore, you must bring to out attention everything that shows that you are blind or disabled. This means that you must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s) and, if material to the determination of whether you are blind or disabled, its effect on your ability to work on a sustained basis. We will consider only impairment(s) you say you have or about which we receive evidence.

20 C.F.R. § 404.1512(a)(2000).

However, if the evidence produced by the claimant is ambiguous or inadequate, the ALJ has a duty to develop the record. Tonapetyan v.

Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). Here, the evidence clearly showed that Plaintiff suffered from rheumatoid arthritis, degenerative changes of the left foot and morbid obesity. However, the medical evidence in the record was insufficient to conclude how limiting these impairments are on Plaintiff's ability to work.

The ALJ faults Plaintiff for failing to seek treatment from a county clinic. However, there is enough medical evidence in the record to support a finding that Plaintiff suffered from multiple severe impairments. There is no evaluation or treatment, however, from a rheumatologist, a specialist who treats rheumatoid arthritis. It is difficult to tell from this record and from Plaintiff's testimony how severe Plaintiff's rheumatoid arthritis truly is or how limiting. There is evidence showing that Plaintiff received on-going treatment and medication for her arthritis. Plaintiff asserted that her arthritis was so painful that she could not stand or open her hand. In order to fairly evaluate these assertions, more information about Plaintiff's arthritis is necessary.

This matter is therefore remanded for further development of the record. In particular, the ALJ should require Plaintiff to be evaluated by a rheumatologist in connection with her disability application. The rheumatologist should review the medical records and examine Plaintiff, then offer his opinion regarding her impairments. This doctor should also consider the impact of Plaintiff's obesity on her condition(s).
\\

**B.   Remand Is Required For Consideration Of The Impact of Plaintiff's Obesity on Her Arthritis**

The ALJ notes that Plaintiff suffers from morbid obesity. (AR 12). However, no where in his decision does he discuss the effect of Plaintiff's obesity on her other impairments. Ninth Circuit law clearly requires an ALJ to perform this task. This Court is bound by Ninth Circuit authority. See Bell v. Hill, 190 F.3d 1089, 1092 (9th Cir. 1999)(district courts within the Ninth Circuit must follow controlling circuit precedent).

Where there is evidence of obesity, the ALJ must determine the effect of the claimant's obesity upon his other impairments, his ability to work, and his general health. Celaya v. Halter, 332 F.3d 1177, 1181 (9th Cir. 2003); see also Social Security Ruling 02-01p (requiring an ALJ to consider the effects of obesity at several points in the five-step sequential evaluation). This is particularly true for cases, like this one, in which the ALJ concludes that the claimant's obesity is a "severe" impairment. Burch v. Barnhart, 400 F.3d 676, 682 (9th Cir. 2005). The ALJ did not follow Celaya's instructions in considering Plaintiff's obesity. Upon remand, the ALJ must consider the effect of Plaintiff's obesity upon her other impairments, her ability to work and on her general health.

**C. The ALJ Failed To Provide Clear and Convincing Reasons For Rejecting Plaintiff's Subjective Pain Testimony**

Whenever an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, as it is here, the ALJ must make explicit credibility findings. Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); see Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (implicit finding that claimant was not credible is insufficient). Unless there is affirmative evidence showing that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Lester, 81 F.3d at 834. As long as plaintiff offers evidence of a medical impairment that could reasonably be expected to produce pain, the ALJ may not require the degree of pain to be corroborated by objective medical evidence. Bunnell v. Sullivan, 947 F.2d 341, 346-47 (9th Cir. 1991) (en banc); Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996).

An ALJ can, however, reject plaintiff's testimony regarding the severity of her symptoms if he points to clear and convincing reasons for doing so. See Smolen, 80 F.3d at 1283-84. To determine whether plaintiff's testimony regarding the severity of his symptoms is credible, the ALJ may consider, among other things, the following evidence: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment;

10

and (3) the claimant's daily activities.  Id. at 1284.  If the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing.  Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002).

Here, the ALJ essentially provided one reason only for rejecting Plaintiff's testimony -- that she failed to seek continued treatment. (AR 12-14).  The Ninth Circuit recently rejected a finding of non-disability, based in part on the plaintiff's failure to seek treatment, where it was clear that the plaintiff lacked funds for treatment.  See Orn v. Astrue, ___ F.3d ___, 2007 WL 2034287 (9th Cir. 2007)("[D]isability benefits may not be denied because of the claimant's failure to obtain treatment [he or she] cannot obtain for lack of funds.")  Id. at *12.  Although case law supports "a lack of treatment" as one possible reason for rejecting credibility, see Burch, 400 F.3d at 682, it is improper to rely on it as the sole reason, particularly when a claimant offers an explanation for her failure to seek treatment (i.e., a lack of funds).  Plaintiff testified that she was not seeing a doctor because she did not have health insurance or MediCal.  (AR 135).  She further testified that she would like to see a doctor for her condition.  (Id.).

As the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's testimony, remand is required.  Upon remand, and if the ALJ again finds Plaintiff lacking in credibility, the ALJ must provide clear and convincing reasons.  In addition, if the ALJ rejects lay witness testimony, he must provide express reasons germane to that

11

witness for rejecting her testimony. Stout v. Commissioner, 454 F.3d 1050, 1053 (9th Cir. 2006)

### D. **Remand Is Required to Remedy Defects in the ALJ's Decision**

Remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir.), cert. denied, 531 U.S. 1038, 121 S. Ct. 628, 148 L. Ed. 2d 537 (2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). Because remand is required on the grounds stated above, the Court does not reach Plaintiff's contention that the ALJ erred by failing to call a vocational expert.

### CONCLUSION

Consistent with the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g),[3] IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

/S/

DATED: October 25, 2007

SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

---

[3] This sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."